NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAGER PRO, INC.,**
*Appellant*

**v.**

**W-W MANUFACTURING CO., INC.,**
*Appellee*

---

2022-1710, 2022-1711

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-01470, IPR2020-01471.

---

Decided:  November 20, 2023

---

JONATHON A. TALCOTT, Ballard Spahr LLP, Phoenix, AZ, argued for appellant.  Also represented by RICHARD WILLIAM MILLER, DENNIS ALAN WHITE, JR., Atlanta, GA; BENJAMIN NICHOLS SIMLER, Philadelphia, PA.

SCOTT W. CUMMINGS, Bryan Cave Leighton Paisner LLP, Washington, DC, argued for appellee.  Also represented by NAH EUN KIM, Atlanta, GA.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Appellant Jager Pro, Inc. (Jager Pro) appeals two decisions by the Patent Trial and Appeal Board (Board) finding all challenged claims of U.S. Patent Nos. 9,814,228 ('228 patent) and 10,098,339 ('339 patent) unpatentable as obvious. *W-W Mfg. Co., Inc. v. Jager Pro, Inc.*, No. IPR2020-01470, 2022 WL 499520 (P.T.A.B. Feb. 16, 2022) (*'228 Decision*); *W-W Mfg. Co., Inc. v. Jager Pro, Inc.*, No. IPR2020-01471, 2022 WL 495334 (P.T.A.B. Feb. 16, 2022) (*'339 Decision*).[1]   Because the Board's findings are supported by substantial evidence, we *affirm*.

BACKGROUND

The '228 and '339 patents are directed to methods and apparatuses to remotely trap wild pigs.  Claim 1 of the '228 patent reads:

> 1. A method for capturing a plurality of feral pigs, comprising:
>
> [a] moving at least one portion of an enclosure from an open position that permits passage of a plurality of feral pigs into the enclosure to a closed position that restricts passage of the plurality of feral pigs out of the enclosure, [b] wherein in the closed position, the enclosure cooperates with a ground surface to define an enclosure area in which the plurality of feral pigs are trapped, [c] and wherein the ground surface extends continuously from

---

[1]    Jager Pro does not appear to make any argument specific to either the *'228 Decision* or *'339 Decision* or their respective patents.  For simplicity, we reference the *'228 Decision* and the '228 patent in resolving both appeals.

within the enclosure area to areas surrounding the enclosure,

[d] wherein the enclosure comprises a release mechanism that effects movement of the at least one portion of the enclosure from the open position to the closed position,

[e] wherein the release mechanism effects movement of the at least one portion of the enclosure from the open position to the closed position upon receipt of a release signal from a control mechanism that is in communication with a display device, [f] wherein the display device is in communication with a camera assembly and configured to:

> receive a wireless detection signal from the camera assembly; and

> [g] transmit a wireless control signal upon receipt of the wireless detection signal from the camera assembly, wherein the wireless control signal corresponds to an instruction to the control mechanism to generate the release signal, and

[h] wherein, upon detection of a presence of the plurality of feral pigs within the enclosure by the camera assembly, the camera assembly transmits the wireless detection signal to the display device.

'228 patent at claim 1.[2]

---

[2]    The bracketed lettering follows the naming conventions adopted by the Board for each limitation of claim 1. *See '228 Decision*, 2022 WL 499520, at *4.

The Board found the combination of TexasBoars[3] and Jeong[4] taught or suggested the subject matter of claim 1 of the '228 patent. *'228 Decision*, 2022 WL 499520, at *2. The Board found TexasBoars taught or suggested the mechanical aspects of the claimed enclosure, i.e., the preamble, Limitations 1[a]–1[d], and the "release mechanism" function of Limitation 1[e], and Jeong taught or suggested the remaining limitations, including the wireless transmission of signals from a camera assembly to a display device as well as from the display device to a control mechanism according to Figure 1:



J.A. 578, FIG. 1. The Board also considered Jager Pro's evidence of objective indicia of nonobviousness but did not give it substantial weight because Jager Pro had not shown

---

[3]    The Board recorded this reference as "Archived copy of a page from TexasBoars's website (https://texasboars.com/)" for TB1 and "Copy of presentation from TexasBoars's website" for TB2. *'228 Decision*, 2022 WL 499520, at *2 nn.4–5. This website no longer exists, but the Joint Appendix includes printed versions of both references at J.A. 520–21 (TB1) and J.A. 522–72 (TB2). This opinion collectively refers to both references as "TexasBoars."

[4]    Korean Patent Registration No. 10-0688243.

it was entitled to a presumption of nexus and made no other argument for why nexus existed. *'228 Decision*, 2022 WL 499520, at \*54–57.

Jager Pro appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual findings for substantial evidence and its ultimate conclusion of obviousness de novo. *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1372 (Fed. Cir. 2019). Evidence of objective indicia of nonobviousness is only accorded substantial weight when such evidence has a nexus with the claims, and the patent owner bears the burden of showing such nexus exists. *Id.* at 1373. The patent owner is entitled to a rebuttable presumption of nexus when the evidence is tied to a specific product and that product embodies and is coextensive with the claimed features. *Id.*

Jager Pro argues a number of the Board's findings are not supported by substantial evidence, but we disagree with each. Jager Pro argues the Board never articulated a motivation to combine TexasBoars and Jeong with a reasonable expectation of success—it only found a lack of evidence of teaching away. Appellant's Reply Br. 15–16. Jager Pro mischaracterizes the Board's analysis. The Board found the combination of TexasBoars with Jeong involved a simple substitution of "an animal-instigated closure (e.g., by use of a trip wire) [with] a human-instigated closure (e.g., by receiving images of animals in an enclosure and pushing a button to send a signal to close the gate)" motivated by the advantages realized when these references are combined. *'228 Decision*, 2022 WL 499520, at \*17, \*24; *see KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007). The Board also found a skilled artisan would understand the remote operability suggested by the combination would give the operator more control and increase the

trap's chance of success. *'228 Decision*, 2022 WL 499520, at *17. Substantial evidence supports the Board's findings.

Jager Pro argues Jeong at most teaches or suggests detection of an animal approaching a trap, not detection of an animal within a trap as in limitation 1[h]. Appellant's Reply Br. 2–7. But this attacks Jeong alone and not the combination of Jeong and TexasBoars. As the Board found, "Petitioner d[id] not rely on Jeong as teaching the enclosure recited by claim 1" but rather argued the limitation is taught or suggested by Jeong's system added to TexasBoars's corral trap. *'228 Decision*, 2022 WL 499520, at *39. Thus, Jager Pro's argument misses the point by focusing on one reference's disclosure instead of explaining why the stated combination fails to teach or suggest the limitation. We agree with the Board that the combination would have resulted in a camera assembly positioned in a manner to detect pigs located within the corral.

Jager Pro argues Jeong does not teach or suggest wireless signals because Jeong never expressly refers to any signal as "wireless." Appellant's Br. 30–34; Appellant's Reply Br. 9–10. The Board disagreed, observing that Jeong's Figure 1 shows certain elements connected by solid lines and other elements connected by broken lines and finding that—when read in light of Jeong's description of a "remote control unit" for the disclosed trap—the solid lines suggest a wired connection while the broken lines suggest a wireless connection. *'228 Decision*, 2022 WL 499520, at *19–20. On these facts, the Board's finding with respect to Jeong is supported by substantial evidence.

Jager Pro argues the Board's finding of no presumption of nexus was not supported by substantial evidence.[5]

---

[5]    Jager Pro only argued for a presumption of nexus—as opposed to also arguing nexus absent the

Appellant's Br. 52–57.  The Board found Jager Pro was not entitled to this presumption based on testimony from Jager Pro's expert who explained Jager Pro's commercial product's display device transmits a wireless signal *directly* to the release mechanism, which then releases the gate.  *'228 Decision*, 2022 WL 499520, at \*54–55.  The Board correctly observed this is not what the claim requires—it instead requires a wireless signal sent from a display device to a control mechanism, which in turn then sends another signal to a release mechanism to release the gate.  *Id.*  The Board also considered Jager Pro's arguments that its product manual's depiction of a "control box" supports a finding of nexus because the control box receives wireless signals from a display device.  *Id.* at \*55.  However, the Board reasonably found the manual to be inconclusive because it provides no explanation of the control box receiving wireless signals in the manner required by limitation 1[e].  *Id.*  The Board's finding regarding nexus is supported by substantial evidence.

## CONCLUSION

We have considered Jager Pro's remaining arguments and find them unpersuasive.  For the foregoing reasons, the Board's decisions are affirmed.

**AFFIRMED**

---

presumption—to the Board.  *See '228 Decision*, 2022 WL 499520, at \*56.